# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4040 | **DATE** | 4/6/2004 |
| **CASE TITLE** | Oak Brook Bank vs. Crowe, Chizek and Company, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Crowe, Chizek's Motion under Rule 12(c) of the Federal Rules of Civil Procedure for Judgment on the Pleadings is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR. 06, 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

APR 0 7 2004

| | |
|---|---|
| OAK BROOK BANK,<br><br>              Plaintiff,<br><br>    v.<br><br>CROWE, CHIZEK and COMPANY, LLC,<br><br>              Defendant. | Case No. 03 C 4040<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oak Brook Bank ("Oak Brook") filed suit against defendant Crowe, Chizek and Company, LLC ("Crowe Chizek") alleging breach of contract and professional malpractice. Crowe Chizek now moves under Rule 12(c) of the Federal Rules of Civil Procedure for a judgment on the pleadings.

### I. FACTUAL BACKGROUND

On February 5, 2001, the Audit Committee of Oak Brook retained Crowe Chizek, a national accounting and consulting firm, to perform loan review services. In exchange for a fee of $33,000, Crowe Chizek agreed to review sixty commercial and commercial real estate loans, recommend risk grades for each loan, and prepare a worksheet describing its risk recommendations. In addition, Crowe Chizek's work would observe and report on Oak Brook's loan administration practices, including loan documentation, loan approval, problem loan management and normal loan monitoring. The review took place during the week of October 24, 2001.

This review did not amount to a comprehensive audit of Oak Brook's business. Rather, Crowe Chizek performed its review through a selective testing and sampling of various loans authorized by Oak Brook. Crowe Chizek, in its engagement letter, specifically noted that its review "would not include all aspects of your internal control nor would they include a detailed examination of all transactions." Crowe Chizek worked under the assumption that "all information provided to us is accurate and complete in all material respects, contains no material omissions, and is updated on a prompt and continuous basis." Given these conditions, Crowe Chizek noted that it "cannot be relied upon to disclose all errors or irregularities that may exist."

One of the loans Crowe Chizek reviewed during this process was a loan made to 60 W. Erie, LLC (hereafter "60 W. Erie" and the "60 W. Erie Loan"). Oak Brook's loan committee approved this loan on March 22, 2000. In doing so, they authorized a $19.5 million line of credit to 60 W. Erie to finance construction of a 22-story, 54-unit condominium building. However, Oak Brook's loan committee conditioned their approval on the loan meeting certain conditions. These included:

- The participation of another bank in the loan on a 50/50 basis;
- 18 condominium pre-sales at no less than $320 per square foot;
- $2 million cash equity from the borrower;
- The receipt of weekly sales reports; and

- The receipt of quarterly project financial statements.

After completing their review of the 60 W. Erie Loan, Crowe Chizek recommended that Oak Brook maintain the loan's current risk grade of "3B." A 3B loan requires "consistent monitoring to verify performance, collateral sufficiency and viability, compliance with certain loan requirements, or other relevant factors." The risk involved in this type of loan "is considered acceptable and within normal underwriting guidelines, so long as the loan is given the proper level of management supervision." Oak Brook claims that this risk-classification is entirely normal for a standard performing construction loan.

In reality, at the time Crowe Chizek conducted its evaluation, Oak Brook claims that the loan had glaring problems that should have caused Crowe Chizek to give it a much harsher evaluation. Oak Brook claims that, based on the documentation given Crowe Chizek to perform its review, Crowe Chizek should have realized that, among other things:

- Construction, which was scheduled to begin in November 2000 and finish in February 2001, had not yet begun as of the October 2001 review;

- Construction was now not projected to finish until the end of 2002, long after the loan's April 2002 maturity date;

- There were insufficient funds to complete construction;

- Despite the loan committee's requirement, the loan did not close with 50/50 participation from a partner bank;

- Despite the loan committee's requirement, the loan closed based on a proposal to construct only a 21-story, 32-unit building, 22 units less than the plan approved by the Committee, and a design that Oak Brook did not even see a budget for;

- Oak Brook had not received weekly sales reports or quarterly project financial statements.

Following Crowe Chizek's review, Oak Brook hired Near North Title Insurance ("Near North") to act as an escrow agent for the 60 W. Erie Loan. Over the course of the next six months, Oak Brook (through Near North) disbursed $7 million to 60 W. Erie. Oak Brook eventually learned that, rather than construct the building they promised, the operators of 60 W. Erie instead defrauded Oak Brook out of the loan – submitting fraudulent progress reports to induce Oak Brook to continue making disbursements. Oak Brook has sued these individuals for breach of the loan agreement and fraud in state court.

## II. **STANDARD OF REVIEW**

A Rule 12(c) Motion can be granted only if it appears beyond doubt that the plaintiff cannot prove any facts that will support the claim for relief. *See Brunt v. Service Employees Intern. Union*, 284 F.3d 715 (7th Cir. 2002). Under Rule 12(c), the Court must view the allegations of the pleadings in the light most favorable to Oak Brook. *See Delgado v. Jones*, 282 F.3d 511 (7th Cir. 2002).

## III. **DISCUSSION**

The crux of Crowe Chizek's argument is that Oak Brook's state court action against the operators of 60 W. Erie estops it from

claiming that Crowe Chizek bears liability for its loss. In its state court proceedings, Oak Brook does not accuse Crowe Chizek of wrongdoing. Instead, it blames its loss squarely on the fraudulent misconduct of 60 W. Erie. Specifically, Oak Brook claims that it disbursed $7 million to 60 W. Erie between November 2001 and April 2002 because of false and fraudulent submissions it received from 60 W. Erie on the status of the construction project. In Crowe Chizek's view, Oak Brook's pleadings here and in state court require granting its 12(c) Motion on two grounds: 1) Crowe Chizek's limited review of the loan and its warranty regarding the accuracy of its findings precludes a finding of liability on grounds of either breach of contract or negligence, because it lacked the requisite duty to uncover such a fraud; and 2) The fraudulent actions of 60 W. Erie LLC constituted independent and intervening actions that prevent Crowe Chizek from being held legally responsible.

### A. Crowe Chizek's Review

Crowe Chizek's first argument centers on the fact that its review of Oak Brook's loan practices was limited in scope. The review lasted only a single week in October 2001, and took place entirely within Oak Brook's own offices. Crowe Chizek had no responsibility to conduct interviews or perform any site visits. It merely reviewed documents. Therefore, Crowe Chizek clearly did not review the allegedly fraudulent submissions that led to the disbursements from November 2001 to April 2002. Even in its October 2001 document review, Crowe Chizek's engagement letter makes clear

that it took on only limited responsibilities and obligations. There is no dispute that Crowe Chizek was not asked to audit any loan, nor is there any dispute that Crowe Chizek had no responsibility to detect the presence of false or forged documents in the files it reviewed. Similarly, it is also clear that Crowe Chizek, under the terms of the engagement letter, was not responsible for uncovering "all errors or irregularities that may exist" within the files. These factors combined, in Crowe Chizek's view, mean that it lacked a duty (either contractually or under a professional malpractice standard) to uncover the fraud that damaged Oak Brook.

Although the Court acknowledges Crowe Chizek's limited duties, it does not believe that these limitations warrant a judgment on the pleadings. No one disputes that Crowe Chizek, under its contract with Oak Brook, had only restricted responsibilities in performing its loan review. The appropriate legal question is whether Crowe Chizek contractually *breached* or committed professional malpractice with the duties it did have.

Therefore, the Court must examine what exactly Crowe Chizek's duties were under the terms of the engagement letter, which effectively formed its contract with Oak Brook. The engagement letter, contrary to Crowe Chizek's assertions, does not appear on its face to give Crowe Chizek blanket legal protection for "any" errors that might survive the review. After all, the contract never disclaims Crowe Chizek's liability for negligence or non performance. Rather, the contract merely acknowledges that Crowe Chizek "cannot be

relied upon to disclose *all* errors or irregularities that may exist" and that Crowe Chizek "does not guarantee that errors and irregularities will not occur."

In the Court's view, such a contract is open to a range of possible interpretations. For example, the statement that Crowe Chizek "cannot be relied upon to disclose all errors" could be read to imply that Crowe Chizek *can be relied upon* to disclose *some* errors, particularly major ones. Under such a reading, the contract in recognition of Crowe Chizek's limited review would shield Crowe Chizek from minor or easily made mistakes while still imposing liability if Crowe Chizek negligently ignored major problems in the loans it reviewed. The Court does not suggest that it necessarily reads the contract this way. Rather, the Court merely wishes to point out one reasonable interpretation that precludes judgment on the pleadings. Obviously, the legally binding interpretation will not come to light until after discovery closes, or perhaps not until a jury reaches its verdict.

Similarly, Crowe Chizek correctly notes that it had no duty to uncover fraudulent documents or documents produced after its October 2001 review, or to conduct interviews with Oak Brook clients. However, Oak Brook does not base its Complaint upon breaches of any such purported duties. Rather, Oak Brook alleges that the factual information Crowe Chizek reviewed in October 2001 clearly should have led to it giving the 60 W. Erie Loan a more negative rating. In particular, Oak Brook's complaint states that documents reviewed by

Crowe Chizek showed that construction had not even begun, construction would not finish by the time the loan reached maturity, the erected building would have twenty-two fewer condominiums than the plan reviewed by Oak Brook's loan committee, and that Oak Brook had not received its requested updates on sales and finances regarding the project. If true, Crowe Chizek's neglect of this information when preparing its loan ratings and reports to Oak Brook presents, in theory, a set of facts that well could sustain a cause of action under theories of breach of contract and negligence. Accordingly, Crowe Chizek cannot prevail on its 12(c) Motion under this argument.

### B. Independent and Intervening Actions

Crowe Chizek also argues that it cannot be held liable for Oak Brook's losses because, according to Oak Brook's state court pleadings, these losses were caused by fraudulent documentation submitted to Oak Brook and Near North *after* Crowe Chizek had completed its review. In Crowe Chizek's view, Oak Brook suffered damage not because of any faulty review on its part, but rather because of the fraudulent actions of 60 W. Erie, and the negligence of Oak Brook and Near North in failing to identify this fraud. This, Crowe Chizek believes, constitutes an independent, intervening action eliminating proximate cause.

This argument is akin to a doctor claiming he cannot be held liable for a patient's wrongful death because it was the negligently undetected heart condition that ultimately proved fatal. As noted

above, the complaint does *not* critique Crowe Chizek for failing to uncover fraudulent documents, especially not fraudulent documents submitted *after* Crowe Chizek's review. Rather, Oak Brook argues that had Crowe Chizek properly and competently performed its review, it would have detected *factual information* calling into question the loan's reliability. These *factual* revelations, in turn, would have caused Crowe Chizek to assign the loan a more problematic rating. As a result of such a negative rating, Oak Brook claims that it would have more carefully monitored the loan, thereby substantially increasing the likelihood that it would have detected the fraud before losing an additional $7 million.

Oak Brook correctly notes that in Illinois, proximate cause does not necessarily mean "the only cause, nor the last or nearest cause." *Holton v. Mem'l Hosp.*, 679 N.E. 2d 102, 1209 (Ill. App. Ct. 1997). When a plaintiff alleges that multiple or subsequent wrongdoers caused his injury, the Court finds probable cause by examining "whether the first wrongdoer reasonably might have anticipated the intervening cause as a natural and probable result of the first party's own act or omission." *Suwanski v. Village of Lombard*, 794 N.E.2d 1016, 1022 (Ill. App. Ct. 2003). Furthermore, "when the duty of the professional encompasses the protection of the client or patient from self-inflicted harm, the infliction of that harm is not to be regarded as contributory negligence on the part of the client." *Board of Trustees of Community College Dist. No. 508, County of Cook v. Coopers & Lybrand*, 803 N.E.2d 460, 468 (Ill. 2003). Here, Oak

Brook alleges that Crowe Chizek violated its duty to Oak Brook by failing to detect seemingly obvious factual problems apparent in the loan record during its review. Such a theory, in the Court's view, creates a valid jury question as to whether or not Crowe Chizek could have reasonably anticipated that its failure to conduct a competent review would have caused Oak Brook to lose money, possibly to fraud.

Crowe Chizek raises one last argument on behalf of this motion. For this claim, Crowe Chizek asks the Court to take judicial notice of Oak Brook's pleadings in its state court case. Crowe Chizek characterizes Oak Brook's state claim as based on the rubric that "its own loan files, were, on their face . . . sufficient to justify the disbursement of all the Loan proceeds through April 2002" and that, despite "repeated, specific analysis of the status of the specific loan . . . [it] 'reasonably' failed to uncover the fraud." Crowe Chizek contends that such an argument contradicts Oak Brook's claim in this case that the "Loan files, on their face, revealed 'problems' that even a brief loan review like Crowe Chizek's should have uncovered in October 2001."

Regardless of whether judicial notice is appropriate (an issue the Court does not have to reach), Crowe Chizek's argument fails because it vastly overstates Oak Brook's state court argument. Based on the citations Crowe Chizek presented to support its claims about Oak Brook's pleadings, it seems clear that these pleadings *do not* claim that Oak Brook's loan files were sufficient on their face. Nor do these pleadings state that Oak Brook failed to uncover the fraud

despite "repeated, specific analysis" of the 60 W. Erie Loan status. Rather, the pleadings state only that Oak Brook "reasonably relied upon the truthfulness of the Fraudulent Draw Requests." As noted above, Oak Brook *does not* base its claim on a theory that Crowe Chizek failed to uncover fraudulent documents. Rather, Oak Brook's theory is that Crowe Chizek failed to account for apparent factual information when reviewing and risk-grading the 60 W. Erie Loan. Therefore, this claim also lacks merit.

### IV. CONCLUSION

For the reasons stated herein, Crowe Chizek's Motion under Rule 12(c) of the Federal Rules of Civil Procedure for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: April 6, 2004